IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**MONUMENT CITY RENTALS, LLC,**

    *Plaintiff*,

    v.

**LATIA THOMPSON-MCKOY,**

    *Defendant*.

Civil No.: 1:24-cv-00264-JRR

## MEMORANDUM OPINION

Pending before the court are Plaintiff's "Motion to in Opposition to Transfer Venue" (ECF No. 8; the "Motion to Remand") and Plaintiff's Motion for Rule 11 Sanctions. (ECF No. 14; the "Motion for Sanctions"). The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023).

On January 6, 2024, Plaintiff Monument City Rentals, LLC filed this action against Defendant Latia Thompson-Mckoy under MD. CODE, REAL. PROP. § 8-401 for failure to pay rent in the District Court of Maryland for Baltimore County. (ECF No. 8.) Plaintiff is the landlord and Defendant is the tenant of the property at issue. (ECF No. 3.) The rented property at issue is located in Baltimore County, Maryland. *Id.* On January 26, 2024, Defendant removed the action to this court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (ECF No. 1.)

"Under the removal statute, 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant' to federal court." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting 28 U.S.C. § 1441(a)). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" and "all civil actions where the matter in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. §§ 1331, 1332(a)(1).  "To determine whether a plaintiff's claims 'arise under' the laws of the United States, courts typically use the 'well-pleaded complaint rule,' which focuses on the allegations of the complaint."  *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 177 (4th Cir. 2017) (quoting *Aetna*, 542 U.S. at 207).

On a motion to remand, the removing party bears the burden of establishing federal jurisdiction.  *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *Prince*, 848 F.3d at 176.  Removal jurisdiction raises "significant federalism concerns," *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941)), and therefore federal courts must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court."  *Richardson v. Phillip Morris Inc.*, 950 F. Supp. 700, 702 (D. Md. 1997) (citations omitted).

Defendant presents no cognizable basis for this court's jurisdiction.  Defendant cites to 28 U.S.C. § 1331 and various criminal statutes, such as conspiracy against rights (18 U.S.C. § 241), deprivation of rights under color or law (18 U.S.C. § 242), and receiving proceeds of extortion (18 U.S.C. § 880).  It is clear that the instant case does not arise under any federal law cited to by Defendant in her Notice of Removal.  Moreover, Defendant has failed to respond to Plaintiff's Motion to Remand and provides no basis as to how those criminal statutes apply to the instant action.  As such, removal was improper, and this case will be remanded.

In its Motion for Sanctions, Plaintiff requests reasonable attorney's fees due to Defendant's improper removal.  (ECF No. 14.)  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under §

1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Ultimately, fee awards under § 1447(c) are "left to the district court's discretion." *Id.* at 139.

While Defendant improperly removed the instant case, the court declines to award Plaintiff reasonable costs and expenses associated with the filing of the Motion in light of Defendant's *pro se* status. *See Archway IP L. PLLC v. D3Holdings, LLC*, No. 1:19-CV-404, 2019 WL 8886224, at *1 (E.D. Va. July 1, 2019) ("[C]ourts have concluded that attorney's fees pursuant to § 1447(c) may not be warranted when the parties who removed the case proceeded *pro se*."); *Rock Creek Cap., LLC v. Johnson*, No. CV DKC 24-284, 2024 WL 895121, at *2 (D. Md. Mar. 1, 2024) (declining to award fees where the defendant is proceeding *pro se* and the plaintiff fails to identify any attorneys' fees or recoverable costs); *Rosenberg v. Green*, No. CV PJM 17-1379, 2017 WL 6729293, at *1 n.2 (D. Md. Dec. 28, 2017) ("Despite improper removal of the case, the Court does not believe attorney's fees are warranted given Green's *pro se* status."); *Bleiberg v. Altvater*, No. 01 CIV. 11507 (HB), 2002 WL 1339097, at *2 (S.D.N.Y. June 19, 2002) (denying the plaintiff's motion for attorney fees and costs "in light of the defendant's *pro se* status").

For the reasons set forth herein, by separate order, the Motion to Remand at ECF No. 8 will be granted and the Motion for Sanctions at ECF No. 14 will be denied. The case will be remanded to the District Court of Maryland for Baltimore County.

/S/
_____
Julie R. Rubin
United States District Judge

July 3, 2024